# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0634V
(not to be published)

| | |
|---|---|
| DOLORES FERNANDES,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: June 2, 2023<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Jessi Carin Huff, Maglio Christopher & Toale, Seattle, WA*, for Petitioner.

*Sarah Black Rifkin, U.S. Department of Justice, Washington, DC*, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 12, 2021, Dolores Fernandes filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration as a result of a pneumococcal conjugate vaccine she received on October 11, 2018. Petition at 1. On November 4, 2022, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 39.

Petitioner has now filed a motion for attorney's fees and costs, requesting a total award of $54,978.49 (representing $53,918.00 in fees and $1,060.49 in costs). Petitioner's Request for Attorney's Fees ("Motion") filed Apr. 18, 2023, ECF No. 44. In

---

[1] In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

accordance with General Order No. 9, Petitioner filed a signed statement indicating that Petitioner incurred no out-of-pocket expenses. ECF No. 44-3

On Apr. 21, 2023, Respondent reacted to the motion, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. ECF No. 45. Petitioner filed a reply on Apr. 24, 2023, requesting that the Court award all fees and costs as indicated in Petitioner's motion. ECF No. 46.

The rates requested for work performed through the end of 2022 are reasonable and consistent with our prior determinations, and will therefore be adopted. Petitioner has requested the hourly rate of $425 for 2023 work performed by attorney Jessi Huff - representing a rate increase of $30. Petitioner also requests the rate of $180 for 2023 work performed by paralegal Melissa Sealy. ECF No. 44-1 at 33. I find these hourly rates to be reasonable, and will award the attorney's fees requested. (And all time billed to the matter was also reasonably incurred).

Furthermore, Petitioner has provided supporting documentation for all claimed costs. Attachment to Motion at 35-63. And Respondent offered no specific objection to the rates or amounts sought.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$54,978.49 (representing $53,918.00 in fees and $1,060.49 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. Per Petitioner's request, the check is to be forwarded to Maglio Christopher & Toale Law, 1605 Main Street, Suite 710, Sarasota Florida 34236.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.